**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JESUS T. WOMACK,                                        *

Petitioner,                                             *

v.                                                      *          Civil Action No. PX-22-2618

LAURA ARMSTEAD,                                         *
MARYLAND ATTORNEY GENERAL,
                                                        *
Respondents.

\*\*\*
**<u>MEMORANDUM ORDER</u>**

Jesus T. Womack brings this habeas corpus Petition pursuant to 28 U.S.C. § 2254, challenging the legality of his 1999 state sentence. ECF No. 1. The Petition is ready for resolution and no hearing is necessary. *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Petition is denied as untimely filed and must be dismissed.

In December of 1999, a jury in the Circuit Court for Baltimore City convicted Womack of distribution of cocaine, possession of cocaine with the intent to distribute, possession of cocaine, and conspiracy. ECF No. 8-1 at 8-9, 12-13. For the distribution offense, the Circuit Court sentenced Womack to twenty years' imprisonment, and for the conspiracy offense, a twenty year consecutive prison term. *Id.* at 13.[1] Womack timely noted his appeal. *Id.* at 13, 31-44.

On November 8, 1999, the Maryland Appellate Court (formerly the Court of Special Appeals) affirmed the convictions and sentence. *Id.* at 62-72. On March 9, 2000, the Supreme

---

[1]        The remaining counts merged for sentencing. ECF No. 8 at 13.

Court of Maryland (formerly the Maryland Court of Appeals) denied Womack's petition for a writ of certiorari. *Id.* at 76-91, 92.

On May 9, 2001, Womack petitioned the Circuit Court for postconviction relief. ECF No. 8 at 15. Womack next voluntarily dismissed the petition without prejudice on September 27, 2002. *Id.* at 16. Almost a year later, on September 5, 2003, Womack petitioned again for postconviction relief. *Id.* at 16. The postconviction court denied Womack relief on April 16, 2008. ECF No. 1-1 at 24-27. Thereafter, the Appellate Court of Maryland denied leave to appeal on January 6, 2009. ECF No. 8 at 93-95.

Womack tried several more ways to collaterally attack his prison term. On September 24, 2018, he sought a modified sentence, citing his rehabilitative efforts, which was denied on December 3, 2019. *Id.* at 99-103, 19. Womack moved for reconsideration which was also denied. *Id.* at 118-119. On January 31, 2019, Womack also sought review of his sentence by a three-judge panel. That motion, too, was denied on March 18, 2019. *Id.* at 113-120. Next, Womack moved to correct an illegal sentence, arguing that the Circuit Court lacked statutory authority to impose a ten year, no parole, sentence for conspiracy. *Id.* at 121-125. That motion was denied on August 24, 2020. *Id.* at 126-127, a decision ultimately affirmed by the Appellate Court of Maryland. *Id.* at 186-190.

Nearly two years later, Womack sought relief in this Court, filing his Petition on October 1, 2022. In the Petition, Womack presses the illegality of his sentence for similar reasons raised in his motion to correct illegal sentence. ECF No. 1 at 5; ECF No. 1-2 at 2-8. For the following reasons, the Petition is dismissed as untimely filed.

Under 28 U.S.C. § 2244(d)(1) a federal petition for habeas corpus seeking relief from a state court judgment must be filed within one year from "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review." 28

U.S.C. § 2244(d)(1)(A). Excluded from the one-year limitation period, however, is "[t]he time

during which a properly filed application for State post-conviction or other collateral review ... is

pending." 28 U.S.C. § 2244(d)(2),

For Womack, the one-year limitations period for filing for federal habeas relief began to

run once the judgment became final by the expiration of the time for seeking direct review. 28

U.S.C. § 2244(d)(1)(A). Womack unsuccessfully appealed his conviction through the Maryland

state courts. He had ninety days from March 9, 2000, to seek certiorari with the United States

Supreme Court, which he did not do. *See* U.S. Sup. Ct. Rule 13.1. Therefore, Womack's

conviction became final on June 7, 2000.

Three hundred thirty-six days passed before Womack filed his first petition for post-

conviction relief on May 9, 2001. This post-conviction petition tolled the limitation period. 28

U.S.C. § 2244(d)(2). However, Womack, voluntarily dismissed this petition on September 27,

2002, and he did not file a second post-conviction petition until September 5, 2003. In short, by

September 2003, more than a year in the aggregate of un-tolled time had passed after the conviction

became final. This, the Petition must be dismissed as untimely.

Nor does equitable tolling apply. The time to file may be equitably tolled only in "those

rare instances where—due to circumstances external to the party's own conduct—it would be

unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704

(4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to

equitable tolling, a petitioner must establish that delay in filing the petition resulted from

respondents' wrongful conduct or other extraordinary circumstances beyond petitioner's control.

*See Harris*, 209 F.3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . gross injustice would result" absent court intervention.  *Id.*

Although the Court gave Womack the opportunity to address limitations and the propriety of equitably tolling, ECF No. 11, he never did.  Womack thus failed to make the requisite showing, and so the Petition must be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner demonstrates "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Nothing suggests that this Court should issue a certificate of appealability.  But Womack may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For reasons stated, it is this 30th day of June 2025, by the United States District Court for the District of Maryland, hereby ordered that:

1. The Petition IS DENIED and DISMISSED without an evidentiary hearing;

2. The Court DECLINES to issue a Certificate of Appealability;

3. The Clerk SHALL SEND a copy of this Memorandum Order to Womack and counsel of record; and

4. The Clerk SHALL CLOSE this case.

/S/
_____
Paula Xinis
United States District Judge